NO. 07-11-00085-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 23, 2011

_____

CESAR DAN HERNANDEZ-SANDOVAL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 291ST DISTRICT COURT OF DALLAS COUNTY;

NO. F-0954675-U; HONORABLE SUSAN LYNN HAWK, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Cesar Dan Hernandez-Sandoval, appeals from conviction for the offense of murder, and sentence of life imprisonment.[1] Appellant filed notice of appeal on December 14, 2010. The appellate record was due to be filed by December 17, 2010.

_____

[1] Because no clerk's record has been filed in this case, the identification of the offense for which appellant was convicted is as reflected in a partial copy of the judgment that was attached to appellant's notice of appeal.

On February 17, 2011, by order of the Texas Supreme Court, this appeal was transferred from the Fifth District Court of Appeals to this Court. See TEX. GOV'T CODE ANN. § 73.001 (West 2005). By separate letters, both dated March 1, 2011, this Court notified the district clerk and official court reporter that the appellate record in this case had been due to be filed no later than December 17, 2010, and directed the clerk and reporter to advise this Court of the status of the records on or before March 11, 2011. We received a request for extension of time to file the reporter's record on March 1, 2011. This request was granted. However, to date, we have neither received the clerk's record nor any response to this Court's March 1, 2011 directive.

Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings. See TEX. R. APP. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the status of the preparation of the clerk's record, and to enter any order necessary under the present circumstances to ensure that the clerk's record is filed as soon as practicable.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the

2

clerk of this Court on or before April 22, 2011.  Should further time be needed by the trial court to perform these tasks, same must be requested before April 22, 2011.

It is so ordered.

Per Curiam

Do not publish.